UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>        Plaintiff,<br><br>   v.<br><br>J.L. PETERSON, et al.,<br><br>        Defendants. | **CASE No. 1:18-cv-1188-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED**<br><br>**(Doc. 1)**<br><br>**FOURTEEN-DAY DEADLINE** |

      Plaintiff has filed a complaint asserting constitutional claims against two governmental employees. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because it appears from the face of the complaint that the grievance process was not exhausted at the time of the filing of the complaint, the Court will **ORDER** the plaintiff to show cause why this action should not be dismissed.

1

## I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff's claims arose during his incarceration at Kern Valley State Prison ("KVSP"). He brings this action against KVSP Correctional Officers ("CO") Reynaldo Jasso and V. Ochoa.

Plaintiff's allegations can be fairly summarized essentially as follows:

On July 18, 2018, CO Ochoa and CO Jasso approached plaintiff on his way to pill call. A confrontation ensued resulting in "a brief struggle" and plaintiff landing on the pavement. CO Ochoa then "landed" on plaintiff's back to secure handcuffs. Plaintiff yelled that the handcuffs were too tight, but both officers ignored him. Ochoa then assaulted plaintiff, resulting in plaintiff hitting his head on the ground and enduring abrasions, scratches, and scrapes. Jasso also assaulted

plaintiff, punching and kneeing him while plaintiff was handcuffed on the ground. When plaintiff was finally picked up to be taken to the Program Office, Jasso shoved plaintiff against a wall and only stopped when a captain arrived. Plaintiff was taken to the Delano Regional Medical Center for medical care. A few days after this incident, Ochoa threatened plaintiff with assault. Plaintiff seeks damages.

On the form complaint submitted by plaintiff, he admits that he has not yet exhausted his administrative remedies, writing that it is "pending as of July 2018" and that "prison officials will peruse this issue, but it should be completed by time this 1983 is accepted." Compl. at 3.

**III. Analysis**

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Dismissal for failure to state a claim is appropriate where "a failure to exhaust is clear on the face of the complaint." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint); Davis v. Cal. Dep't of Corr. and Rehab., 474 Fed. Appx. 606, 607 (9th Cir. 2012) (district court properly dismissed case where it was clear on face of complaint that administrative remedies were not exhausted prior to filing). When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

Defendants Ochoa and Jasso are alleged to have assaulted plaintiff on July 18, 2018, and plaintiff filed an administrative grievance later that same month. See Compl. at 3. As of the date that he signed the pleading (August 10, 2018), plaintiff admits that he had not yet exhausted his administrative remedies. He predicted, however, that it "should be completed" by the time his complaint is filed—that is, August 30, 2018.[1] The Court finds it highly unlikely that plaintiff proceeded through all three levels of review of the administrative grievance process between July 18 and August 30 considering that the institution has 30 days for a first and second level response and up to 60 days for a third level response. Cal. Code Regs. tit. 15, § 3084.8(c). Moreover, the Court is obligated to dismiss any action subject to the PLRA if the grievance process was not exhausted at the time the complaint is filed, regardless if it is exhausted during the pendency of the action. 42 U.S.C. § 1997e; McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) ["This language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice."]

///
///
///
///
///
///

---

[1] Although this case was opened on August 31, 2018, the prisoner mailbox rule applies, providing that when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). The Civil Cover Sheet attached to the complaint indicates that plaintiff submitted his complaint to institutional staff for filing on August 30, 2018. (See Doc. 1-1.)

**IV. Conclusion**

Because plaintiff admits that the grievance process has not been exhausted, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this order why this action should not be dismissed for failure to exhaust administrative remedies prior to the filing of the complaint.

IT IS SO ORDERED.

Dated: **March 1, 2019**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE