UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH JOEL PETILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>J.L. PETERSON, et al.,<br><br>        Defendants. | **CASE No. 1:18-cv-1188-JLT (PC)**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**FOURTEEN-DAY DEADLINE** |

      On March 1, 2019, the Court directed plaintiff to show cause why this action should not be dismissed because of plaintiff's admission in his complaint that he had not yet exhausted his administrative remedies and that "prison officials will peruse this issue, but it should be completed by time this 1983 is accepted." Compl. at 3; Doc. 8. In his response to the order to show cause, plaintiff acknowledges that his administrative remedies were exhausted on December 20, 2018, four months after he initiated this case. (Doc. 9.)

      Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies *before* filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be dismissed for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in Sections 3084.1 through 3084.8 of Title 15 of the CCR. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate ... can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the final level of administrative review. Id.

Plaintiff has alleged affirmatively that his administrative appeal was still pending review when he initiated this action and that he did not receive a third level decision until December 2018, four months later. Therefore, plaintiff's failure to exhaust his administrative remedies prior to filing suit is clear from the face of the complaint. Based on plaintiff's concession of nonexhaustion, this action must be dismissed, without prejudice. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-

1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims.") (citing McKinney, 311 F.3d at 1199). This result is the same even though Plaintiff indicates that he is seeking emergency relief for medication and surgery. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Further, although the Court would typically grant plaintiff leave to amend due to his pro se status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Accordingly, the Court ORDERS as follows:

1. The Order to Show Cause is DISCHARGED;

2. The Clerk of Court shall assign a district judge to this case; and

The Court RECOMMENDS that this action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///
///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 2, 2019**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE