UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>REYNALDO JASSO, et al.,<br><br>        Defendants. | CASE No. 1:18-cv-01188-AWI-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE**<br><br>(Doc. 14) |

Plaintiff has filed a motion to "continue" the case, which the Court construes as a motion to re-open the case. (Doc. 14.) On June 10, 2019, the Court entered an order dismissing the case without prejudice for failure to exhaust administrative remedies, and the Court entered judgment in Defendants' favor. (Docs. 12, 13.)

Plaintiff does not state a rule of procedure, but liberally construing the complaint, the Court will treat the motion as a Rule 60 motion for the relief from a judgment or order. Fed. R. Civ. P. 60(b). Rule 60(b) provides in pertinent part:

On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). A motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

    Under the catch-all provision of Rule 60(b)(6), the Court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party asserting "excusable neglect" may not seek relief more than a year after the judgment by relying on subsection (6). *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)).

    In this case, Plaintiff filed his motion to re-open over two years after the order directing the Clerk of Court to close this case. (*See* Doc. 14.) Plaintiff offers no reason for the lengthy delay. Plaintiff has also failed to identify which subsection of Rule 60(b) or any other rule he relies on for relief from the order. Accordingly, the Court **DENIES** Plaintiff's motion to reopen this case. (Doc. 14.)

IT IS SO ORDERED.

Dated: __**August 3, 2021**__          __ /s/ Jennifer L. Thurston__
                                                   CHIEF UNITED STATES MAGISTRATE JUDGE